IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BEHROOZ DAFTARIAN,                §
                  Petitioner,      §
                                   §
v.                                 §          CIVIL ACTION NO. H-05-350
                                   §
DOUG DRETKE, Director of the Texas §
Department of Criminal Justice - Correctional §
Institutions Division,             §
                  Respondent.      §

OPINION ON DISMISSAL

Petitioner Behrooz Daftarian, an inmate incarcerated in the Texas Department of Criminal

Justice – Correctional Institutions Division ("TDCJ-CID"), has filed, through counsel, a petition for

a writ of habeas corpus under 28 U.S.C. § 2254.  (Docket Entry No.1).  Respondent has filed a

motion for summary judgment (Docket Entry No.5), to which petitioner has filed a response.

(Docket Entry No.6).  After considering all pleadings, motions, and the entire record, the Court will

grant respondent's motion for summary judgment and deny petitioner relief.

FACTUAL AND PROCEDURAL HISTORY

Petitioner was charged with two counts of aggravated sexual assault of a child.  *State v.*

*Daftarian*, Cause No. 27,675-85, Clerk's Record at 1.  Before trial, petitioner's trial counsel moved

to suppress evidence obtained from a search of petitioner's home and studio for want of probable

cause.  *Id.* pages 30 -31.  The state district court denied the motion.  The state district court found that

the "warrants appear to be in sufficient form to justify the extent and the fact of the search."  *Id.*

Reporter's Record, Vol.4, page 59.  At trial, a jury heard testimony from complainant, her mother,

the investigating detective, and a DNA analyst.  *Id.*, Reporter's Record, Vol.4.  The jury found

petitioner guilty on both counts.  *Id.*, Vol. 5, pages 34.  After a hearing, the jury assessed punishment

at life imprisonment on both counts.  *Id*., Vol.7, page 46.  The state district court entered it judgment

on April 3, 2001.  *Id.*; Clerk's Record at 93-101.  Petitioner filed a notice of appeal and moved for

a new trial on the ground, among others, that his trial counsel rendered ineffective assistance of

counsel.  *Id*. at 103, 106-09, respectively.  After hearing evidence, the state district court denied the

motion for new trial.  *Id.* Vol.8.  Petitioner's conviction was affirmed on direct appeal and his

petition for discretionary review was refused.  *Daftarian v. State*, No.01-01-00409-CR (Tex.

App.–Houston [1st Dist.] 2002, pet. ref'd) (opinion on motion for rehearing).

Petitioner filed a state application for writ of habeas corpus, complaining that his trial counsel

rendered constitutionally ineffective assistance of counsel by failing to move to suppress evidence

obtained by a defective search warrant.  *Ex parte Daftarian*, Application No. 59, 420-01, pages 1-40.

The state district court entered findings and recommended that habeas corpus relief be denied.  *Id.*

at 98-103.  On December 15, 2004, the Texas Court of Criminal Appeals denied petitioner state

habeas corpus relief without written order on findings of the trial court.  *Id.* at cover.

Petitioner seeks federal habeas relief on the same grounds asserted in his state habeas

application.  (Docket Entry No.1).

Respondent moves for summary judgment on the ground that petitioner's claims fail as a

matter of law.  (Docket Entry No.5).

## STANDARD OF REVIEW

### Summary Judgment

In deciding a motion for summary judgment, a court must determine whether "the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and that the moving party is entitled to

2

judgment as a matter of law." FED. R. CIV. P. 56(c).  The moving party bears the initial burden of informing the court of the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001); *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact."  *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).

<u>The Antiterrorism and Effective Death Penalty Act of 1996</u>

Petitioner's federal habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997).  The AEDPA, codified as amended at  28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).  Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law."  *Bell v. Cone*, 535 U.S. 685, 693 (2002).

The petitioner retains the burden to prove that he is entitled to habeas corpus relief. *Williams v. Taylor*, 529 U.S. 362 (2000).  In this case, petitioner presented claims in a petition for discretionary review and in a state habeas corpus application, which the Texas Court of Criminal Appeals denied without written order.  As a matter of law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of a claim.  *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)).  Therefore,

only those claims properly raised by petitioner on a petition for discretionary review or in a state application for habeas corpus relief have been adjudicated on the merits by the state courts.

Where a petitioner's claim has been adjudicated on the merits, section 2254(d) hold that this Court shall not grant relief unless the state court's adjudication:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2); *Williams*, 529 U.S. at 411-13; *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  Courts are to review pure questions of law and mixed questions of law and fact under subsection (d)(1), and pure questions of fact under subsection (d)(2).  *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).

"The standard is one of objective reasonableness."  *Montoya*, 226 F.3d at 403-04 (quoting *Williams*, 529 U.S. at 412-13 (O'Connor, J., concurring)).  Under this standard, a federal court's review is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning."  *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citing *Cruz v. Miller*, 255 F.3d 77, 86 (2nd Cir. 2001) (noting that even where a state court makes a mistake in its analysis, "we are determining the reasonableness of the state court's 'decision,' . . . not grading their papers").

A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts."  *Williams*, 529 U.S. at 413.  A decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle. . . but unreasonably applies that principle to the facts

of the prisoner's case." *Id.*  To be unreasonable, the state decision must be more than merely incorrect. *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).  A reversal is not required unless "the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'" *Id.*  Factual findings made by the state court in deciding a petitioner's claims are presumed correct, unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

While Rule 56 of the Federal Rules regarding summary judgment applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas rules. *Smith*, 311 F.3d at 668 (citing Rule 11 of the Rules Governing Section 554 Cases in District Courts).  Therefore, section 2254 (e)(1), which mandates that findings of fact made by a state court are presumed correct, overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *Id.*  Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Id.*

ANALYSIS

Petitioner claims his trial counsel rendered ineffective assistance of counsel at the guilt-innocence stage of trial by failing to object to evidence seized as a result of the execution of unsigned search warrants for petitioner's home and studio. (Docket Entry No.1).  Respondent maintains the state court's rejection of these claims was not objectively unreasonable. (Docket Entry No.5).

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel.  U.S. CONST. amend. VI.  A federal habeas corpus

5

petitioner's claim that he was denied effective assistance of trial counsel is measured by the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail on an ineffective assistance of counsel claim, petitioner must establish that his counsel's performance was deficient and that the deficiency prejudiced his defense.  *Ogan v. Cockrell*, 297 F.3d 349, 360 (5th Cir. 2002) (citing *Strickland*, 466 U.S. at 692).  The failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.  *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

Counsel's performance is deficient when the representation falls below an objective standard of reasonableness.  *Ogan*, 297 F.3d at 360.  Judicial scrutiny of counsel's performance must be "highly deferential," indulging in a "strong presumption" that "trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy."  *West v. Johnson*,  92 F.3d 1385, 1400 (5th Cir. 1996).  To overcome this presumption, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1993).  Mere "error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."  *Strickland*, 466 U.S. at 687-90.  A deficiency in counsel's performance, standing alone, does not equal ineffective assistance of counsel if no actual prejudice is demonstrated.

Counsel's deficient performance results in actual prejudice when a reasonable probability exists "that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*  Confidence in the outcome of the trial is undermined when counsel's deficient performance renders "the result of the trial unreliable or the proceeding fundamentally unfair."  *Pratt v. Cain*, 142 F.3d 226, 232 (5th Cir. 1998) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993)).

6

"Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Pratt*, 142 F.3d at 232 (quoting *Lockhart*, 506 U.S. at 372).

A claim of ineffective assistance of counsel presents a mixed question of law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 946 (5th Cir. 2001). Because petitioner's ineffective-assistance claims were previously considered and rejected on state habeas corpus review, the state court's decision on those claims will be overturned only if it is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The state district court entered the following findings of fact, in pertinent part:

3.    On November 29, 1999, Detective Lesley Hicks of the College Station Police Department presented affidavits of probable cause to Judge Randy Michel to obtain warrants to search Applicant's residence and studio.

4.    Judge Michel signed the affidavits after Detective Hicks swore that all information, contained in her affidavits, was true and correct.

5.    Judge Michel did not sign the corresponding search warrants.

6.    Detective Hicks executed the two search warrants on November 30, 1999.

7.    Detective Hicks delivered the returns for the two executed search warrants to Judge Michel on December 2, 1999. Judge Michel signed the returns.

8.    John Floyd, III and Carlos Garcia represented Applicant at trial.

9.    Applicant filed a motion to suppress on February 16, 2001.

10.    A hearing was held on the motion to suppress on February 23, 2001.

11.    During the hearing, the two search warrants were admitted as Defendant's exhibits 1 and 2.

10.    [sic] During the hearing, the trial court read Detective Hicks' affidavit, contained within Defendant's exhibits 1 and 2. . . . Thereafter, the trial court

7

stated, "I believe that probable cause does exist for the search, and warrants appear to be in sufficient form to justify the extent and the fact of the search. So I - motion to suppress will be overruled."

11.     The Court finds, based on the credible statements made by Judge Randy Michel in his affidavit, that Judge Michel found that the Hicks' affidavit contained probable cause and, as a result, Judge Michel issued the two search warrants.  This is based on the fact:

   •     That Judge Michel would not have signed the Hicks' affidavit if he had found that probable cause did not exist;

   •     That Judge Michel placed the identifying notation of "RM-99-010" (meaning Randy Michel; year 1999; 10th warrant issued in 1999) in his own handwriting on the front page of both search warrants;

   •     That Judge Michel would not have signed the officer's return had he not previously found probable cause and issue [sic] the two warrants.

12.     The Court finds, based on the credible statements made by Judge Randy Michel in his affidavit, that Judge Michel's failure to sign the two search warrants in question was an inadvertent mistake on his part.

13.     The Court finds, based on the credible statements made by Detective Lesley Hicks in her affidavit, that she executed the search warrants in good faith, believing that Judge Michel had found probable cause existed to issue the search warrants and authorized the search of Daftarian's residence and studio.

*Ex parte Daftarian*, Application No.59,420-01 at 98-100 (citations omitted).

The state district court found that no evidentiary hearing was necessary for the court to rule on the relief sought.  *Id.* at 101.  The state district court concluded that the two search warrants did not comply with  the requisites of a valid search warrant under Article 18.04(4) of the Texas Code of Criminal Procedure.  *Id.*  The state district court reviewed the exclusionary rule found in Article 38.23(a) of the Texas Code of Criminal Procedure and the good faith exception found in Article 38.23(b) of the same.  Citing *Dunn v. State*, 951 S.W.2d 478, 479 (Tex. Crim. App. 1997) and *Hunter v. State*, 92 S.W.3d 596, 603-04 (Tex. App.–Waco 2002, pet. ref'd), the state district court concluded that the record established "that evidence, seized during the execution of the two search warrants in

8

question, was obtained by a law enforcement officer acting in objective good faith reliance upon search warrants issued by a neutral and detached magistrate based upon probably cause." *Id.*  Citing the same cases, the state district court further concluded that "[h]ad counsel moved to suppress the evidence on the ground that the unsigned search warrants were defective, all of the testimony and evidence admitted at trial would still have been properly admitted pursuant to Tex. Code Crim. Proc. art. 38.23(b)." *Id.* at 102.  The state district court also concluded that petitioner had "not established prejudice due to trial counsel's failure to urge, during the motion to suppress, that the search warrants were defective." *Id.*  Consequently, the state district court found that petitioner had failed to prove by a preponderance of the evidence that he was denied the right to the effective assistance of counsel at trial under *Strickland v. Washington*. *Id.*  The state district court recommended that relief be denied. *Id.*  The Texas Court of Criminal Appeals denied relief on the trial court's findings. *Id.* at cover.

Petitioner does not challenge the state court's factual findings; petitioner challenges the state court's analysis of the exclusionary rule and good faith exception under Article 38.23 of the Texas Code of Criminal Procedure.  This Court, however, defers to the state court's analysis of the same with respect to state law. *See Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995) (holding that it is not the function of the federal habeas court to review the interpretation of state law by a state court); *Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986) (finding that federal habeas corpus relief is available only for the vindication of rights existing under federal law).  The Court notes that the state court's analysis of *Dunn* and *Hunter* and its application of the facts of this case to state law, *i.e.*, the evidence was admissible notwithstanding the warrants' apparent defect because the officer executed the warrants in objective good faith, is not an unreasonable interpretation under federal law. *See United States v. Leon*, 468 U.S. 897 (1984) (good faith exception applies to unsigned warrant

under the Fourth Amendment).  Because the evidence was admissible, petitioner cannot show that

he was deprived of any right to exclude the evidence under state law by his trial counsel's allegedly

defective performance.  Therefore, petitioner fails to show that the state court's adjudication of his

ineffective assistance of counsel claim involved an unreasonable application of, clearly established

federal law, as determined by the Supreme Court of the United States.  Accordingly, the Court will

grant respondent's motion for summary judgment and dismiss this case.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the

petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S.

473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  On the other

hand, when denial of relief is based on procedural grounds, the petitioner must not only show that

"jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right," but also that they "would find it debatable whether the district court was correct

in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also*

*Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of

appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211

F.3d 895, 898 (5th Cir. 2000).  The Court has determined that petitioner has not made a substantial

showing of the denial of a constitutional right.  Therefore, a certificate of appealability from this decision will not issue.

CONCLUSION

Based on the forgoing, the Court enters the following ORDERS:

1.      Respondent's motion for summary judgment (Docket Entry No.5) is GRANTED.

2.      Petitioner's habeas action is DISMISSED with prejudice.

3.      A certificate of appealability is DENIED.

It is so ORDERED.

The Clerk shall provide a copy to the parties.

Signed at Houston, Texas, on February 1, 2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE